## STATE v. CHARLES B. BEERY.[1]

December 24, 1936.

Nos. 31,058, 31,065.

[1]Reported in 270 N. W. 600.

*R. F. Merriam,* for appellant.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

DEVANEY, CHIEF JUSTICE.

Proceedings in municipal court against Charles B. Beery for violating the plumbing ordinance of the city of Minneapolis.

On March 10, 1936, defendant as agent and manager for the owner applied for and received from the city plumbing inspector a permit for the alteration of a building at 2600 Portland avenue in Minneapolis.

On April 8, 1936, Mr. Frank Maechtlen, city plumbing inspector, received a complaint that plumbing work was being done at this address and made an investigation. Thereafter, on complaint made by inspector Maechtlen, defendant was charged with covering and concealing certain plumbing installed in the premises before proper inspection, in violation of the city ordinance.

The matter came on for hearing on April 24, 1936. During the trial defendant was asked the following question: "Who was the plumber?" On advice of counsel defendant refused to answer.

The court found defendant guilty of contempt and imposed a fine of $50 and also found him guilty of the offense as charged in the complaint and imposed a fine of $50 or a sentence of 20 days.

Defendant appeals from the judgment entered finding him guilty as charged and from the judgment entered finding him guilty of contempt. The two judgments have been consolidated for the purposes of this appeal.

Two questions are presented:

(1) Is the court's decision that defendant violated the ordinance reasonably supported by the evidence?

(2) Did defendant have a right to refuse to answer the question put to him on the ground that the answer would tend to criminate him?

The ordinance that defendant was charged with violating is § 19 of the Minneapolis plumbing ordinance, which reads in part as follows [Minneapolis City Charter & Ordinances, 1872-1925, p. 485]:

"Sec. 19. The plumber shall notify the Department of Buildings whenever the plumbing work for which a permit has been issued is ready for inspection and test, by registering the number of the permit and the location of the work in the register book, kept for that purpose in the office of the Inspector of Buildings.

"All parts of the drain, waste and vent systems of all plumbing shall be left uncovered until after the same shall have been tested by the Plumbing Inspector and found to be perfectly tight and installed in accordance with the provisions of this ordinance.

"Any person having charge of the construction, alteration or repair of any building, or any other person, who covers or conceals, or causes to be so covered or concealed, any of the drain, waste or vent system of plumbing for which a permit has been issued or is required, before the said drain, waste or vent system shall have been inspected and approved by the Plumbing Inspector, shall be subject, upon conviction thereof, to the penalty herein provided for any violation of this ordinance."

It was claimed that defendant concealed and covered waste and vent pipes before they had been inspected and approved by the city plumbing inspector; and in our opinion the evidence amply justifies the court's finding that defendant was guilty of so doing.

Defendant himself admitted upon cross-examination that plumbing was installed in the building in question.

Inspector Maechtlen testified that he went through eight to eleven rooms and saw basins and sinks; that he saw pipes that led down a partition which was lathed and plastered, thus concealing the pipe connections.

Walter A. Dunn, chief plumbing inspector, testified that he went into the basement and found two horizontal leader waste pipes extending to the sewer connecting pipes where they disappeared into the partition. He also corroborated inspector Maechtlen's testimony in several other respects.

Mr. Louis Clousing, city plumbing inspector, testified that he observed vent pipes going through the partition and disappearing, covered by both old and new plaster.

In the light of this testimony, we have no alternative but to conclude that there is no basis for claim of error on the part of the trial court, and its judgment must be affirmed.

■ Nor do we believe that there is any basis for disturbing the court's decision finding defendant guilty of contempt. The rule to which we adhere is best stated by quoting from Justice Mitchell in State v. Thaden, 43 Minn. 253, 255, 45 N. W. 447, 448:

"After consideration of the question, and an examination of the authorities, our conclusion is that the best practical rule is that laid down in some of the English cases, and adopted and followed by Chief Justice Cockburn, in Reg. v. Boyes, * * * 'that to entitle a party called as a witness to the privilege of silence, the court must see, from the circumstances of the case and the nature of the evidence which the witness is called to give, that there is reasonable ground to apprehend danger to the witness from his being compelled to answer.' "

See also Rapacz, *Privilege Against Self-Incrimination,* 19 Minn. L. Rev. 426.

The trial judge is permitted a wide discretion in deciding whether the witness may in a particular case exercise the privilege of silence on the ground of self-incrimination; if he interprets the situation clearly and acts fairly, he will not be reversed in the absence of manifest error. Russell v. United States (C. C. A.) 12 F. (2d) 683, writ of *certiorari* denied, 273 U. S. 708, 47 S. Ct. 100, 71 L. ed. 851.

As stated by the United States Supreme Court in Mason v. United States, 244 U. S. 362, 366, 37 S. Ct. 621, 623, 61 L. ed. 1198:

"The trial judge must determine each claim according to its own particular circumstances. * * * Ordinarily, he is in much better position to appreciate the essential facts than an appellate court * * * and he must be permitted to exercise some discretion, fructified by common sense, when dealing with this necessarily difficult subject. Unless there has been a distinct denial of a right guaranteed, we ought not to interfere."

554

The question asked of the defendant in this case as to the identity of the plumber was not such as would suggest that the answer would tend to criminate the defendant. Nor considering the circumstances of the trial and the charge upon which the defendant was tried can it be said that the trial court acted unfairly and without just cause. As pointed out, the trial court is in a position far superior to that of this court in determining a claim of this character, and an examination of the record in this case falls far short of indicating that the court abused its permitted discretion in refusing the privilege of silence to defendant.

The judgments are affirmed.

